IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENTON COLVIN | : CIVIL ACTION NO. 4:10-CV-1820 |
| Plaintiff, | : (Judge Conner) |
| v. | : |
| CONNIE MIKOLIC, PAUL D. STRAKA, KATHY GRIMM and LUANN YOHN, | : |
| Defendants | : |

**MEMORANDUM**

This is a civil rights action filed by plaintiff Benton Colvin ("Colvin") alleging that employees of the Lycoming County Probation and Parole Office violated his rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Sections 1, 6, 8, 10, 13, and 14 of the Pennsylvania Constitution. Presently before the court is a motion (Doc. 12) to dismiss filed by defendant Luann Yohn. For the reasons set forth below, the motion will be granted.

**I.   Background**[1]

Colvin's complaint arises from his recent incarceration at Lycoming County Prison ("LCP") from July 1, 2009 to August 21, 2009. He contends that his confinement during this period was unlawful. Colvin alleges that Yohn, an

---

[1] In accordance with the standard of review for a motion to dismiss pursuant to Rule 12(b)(6), the court will present the facts as alleged in the complaint. See infra Part II. However, those portions of the complaint which consist of no more than legal conclusions or a formulaic recitation of the elements of a cause of action will be disregarded. Ashcroft v. Iqbal,    U.S.    , 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Santiago v. Warminster Twp., 629 F.3d 121, 131-32 (3d Cir. 2010).

employee of the Lycoming County Probation Office, falsely imprisoned or conspired to falsely imprison him in the LCP during these dates. (Doc. 1 ¶¶ 13, 18, 36, 37, 43, 59, 68).

Colvin was incarcerated at the State Correctional Institution at Laurel Highlands prior the date of the alleged unlawful confinement at LCP. He asserts that his maximum sentence was to expire on July 1, 2009. In anticipation of his release, Colvin alleges that between June 3 and June 6, 2009, he submitted his home plan for approval to defendant Connie Mikolic. (Id. ¶ 9). He contends that other named defendants refused to submit his home plan, falsely stated the plan was rejected, and falsely reported to the court the alleged rejection of the plan. (Id. ¶¶ 10, 11). On the basis of these allegedly false assertions, and allegations that Colvin violated the terms of his probation, on June 15, 2009, at the request of the Lycoming County Probation Office, Lycoming County Court of Common Pleas Judge Nancy Butts issued a detainer for Colvin. (Id. ¶ 16). Thereafter, on July 1, 2009, Colvin was transported to the LCP where he was held on the detainer. (Id. ¶¶ 59, 60). The court held the initial probation violation hearing on July 8, 2009, but determined that, due to Colvin's pending lawsuit against the Public Defender's Office, the court was required to appoint alternative counsel and reschedule the hearing. (Doc. 18, Ex. E). The second hearing, scheduled for July 24, 2009, was continued to August 21, 2009, over the objection of the Lycoming County Adult Probation Office, upon motion by Colvin's counsel. (Id. Ex. G). At the August 21, 2009 hearing Lycoming

County Judge Craig Miller, found Colvin had not violated his probation and released Colvin.  (Id. Ex. D, H).

Colvin makes additional allegations that, on or about January 21, 2009, Yohn altered his sentence in the underlying criminal matter by making additions to his sentence. (Doc. 1 ¶¶ 29, 63).  Specifically, he asserts that Yohn altered his probation from regular to special.  (Id. ¶ 12, 63, 71).  Colvin alleges that the defendants have continued to harass him and pursue efforts to have the court place more conditions on his probation.  (Id. ¶ 19, 20, 27).  Colvin also asserts that he suffered attacks and abuse, and that defendants "knew or should have known that plaintiff was particularly vulnerable to a[]ttacks and abuse."  (Id. ¶¶ 38, 39).  As result of defendants' actions Colvin claims he suffered "gross injury of his psyche" a permanent personality disorder requiring psychological intervention and treatment, and "severe grievous mental anguish."  (Id. ¶¶ 40-41).

Colvin initiated the instant action on August 30, 2010.  (Doc. 1).  Colvin contends that Yohn violated his Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution and Sections 1, 6, 8, 10, 13, and 14 of the Pennsylvania Constitution.  (Id. at 8-9).  Colvin seeks compensatory and punitive damages, as well as declaratory relief.  (Id. at 10).  On December 21, 2010, Yohn filed a motion to dismiss.  (Doc. 12).  Yohn filed her brief in support on January 21, 2011. (Doc. 18).  Thereafter, Colvin filed a brief in opposition on February 4, 2011.  (Doc. 19).  The matter is now ripe for disposition.

3

**II.     Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago, 629 F.3d at 130.  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. (quoting Ashcroft v. Iqbal, ---

4

U.S. ---, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Ashcroft v. Iqbal,    U.S.   , 129 S. Ct. at 1950 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, --- U.S. at ---, 129 S. Ct. at 1949.  When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III.  Discussion

Yohn asserts two grounds for the dismissal of the complaint against her: (1) the action is barred by the Younger abstention doctrine, and (2) Colvin fails to state a claim upon which relief can be granted.

#### A.  Younger Abstention Doctrine

The abstention doctrine, stemming from the United States Supreme Court's opinion in Younger v. Harris, 401 U.S. 37 (1971), dictates that federal courts abstain

from adjudicating matters before the court when such adjudication would disrupt an ongoing state criminal proceeding. Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005). The doctrine is rooted in the principles of comity and "the longstanding public policy against federal court interference in state court proceedings." Younger, 401 U.S. at 43. Younger abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir .2005)); see also FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 843 (3d Cir. 1996).

A federal court will not abstain, despite the presence of all three aforementioned factors, when: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions to the application of Younger extension are narrowly construed. Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

The Younger abstention doctrine is inapplicable to the instant case. Two Younger requirements are satisfied. First, state criminal proceedings are ongoing: Colvin's appeal of the underlying criminal case, originating in the Court of Common Pleas of Lycoming County, is currently pending before the Superior Court of

Pennsylvania.  (See Doc. 18, Ex. Q; Commonwealth v. Colvin, 1479 MDA 2010). Second, the pending appeal, which concerns Colvin's revocation hearing, implicates the Commonwealth's interests.  However, the third Younger factor is absent. Although defendant Yohn contends that the state proceedings currently pending before the Superior Court provide Colvin with an adequate opportunity to raise his constitutional claims, this court disagrees.  The state proceeding is a criminal appellate matter concerning his probation.  That proceeding fails to provide Colvin with a sufficient opportunity to raise the claims currently at issue in the instant federal lawsuit.  Colvin asserts Due Process and Eighth Amendment violations in this federal action that the state criminal appeal will not address.  As such, the court finds the Younger abstention doctrine inapplicable.  The court must therefore consider whether Colvin states a claim upon which relief can be granted.

### B. Rule 12(b)(6) Grounds

Colvin asserts violations of his Fifth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.  Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law by state officials.  See 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

A defendant cannot be held individually liable under § 1983 "solely on the operation of *respondeat superior*." Evancho, 423 F.3d at 353. For a § 1983 claim to survive a motion to dismiss, a plaintiff must allege "that each and every defendant was personally involved in depriving him of his rights." Kirk v. Roan, No. 04-1990, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006); see also Evancho, 423 F.3d at 353 ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing."). A defendant's personal involvement in a constitutional violation may be established via allegations of "personal direction," "actual knowledge and acquiescence," or "direct discrimination." Evancho, 423 F.3d at 353; see also Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990).

To constitute a violation of due process, a plaintiff must establish a deprivation of a legally cognizable liberty interest without due process of law. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003). Colvin alleges two instances in which Yohn violated his due process rights: (1) the alteration of his sentence in the underlying criminal action from

regular to special probation on or about January 21, 2009, and (2) the incarceration in LCP from July 1, 2009 to August 21, 2009.

The Lycoming County Court of Common Pleas record of the underlying criminal case dispels any contention that Yohn improperly altered Colvin's sentence on or about January 21, 2009.  According to court records, no action was taken in the criminal case from November 2008 to July 2009.  (Doc. 18, Ex. B at 19).  Clearly, then, defendant Yohn took no such action in January of 2009 to change his probationary sentence.

Second, Colvin contends that defendant Yohn somehow improperly caused him to be incarcerated in the LCP from July 1, 2009, to August 21, 2009.  Colvin fails to allege facts sufficient to make out a due process claim based upon his incarceration from July 1, 2009 to August 21, 2009.  The public record shows that a detainer was issued upon Colvin maxing out his sentence, that a probation violation hearing was continued in light of a conflict of counsel, and that new counsel was appointed shortly thereafter.  Then, the Lycoming County Court of Common Pleas continued the rescheduled probation violation hearing for nearly a month on the request of Colvin's counsel and over the objection of the Probation Office, the very office in which Yohn worked.  Colvin fails to allege the personal involvement of Yohn in the detainer request by the Probation Office or in any other step in the process leading up to his eventual release on August 21, 2009.  Therefore, this court will grant defendant Yohn's motion to dismiss as to the plaintiff's Fifth and Fourteenth Amendment due process claims.

The court will also dismiss the plaintiff's claim against defendant Yohn based upon the Eighth Amendment. The Eighth Amendment provision against cruel and unusual punishment places upon prison officials a duty to "take reasonable measures to protect prisoners from violence at the hands of other prisoners." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (quoting Farmer v. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)).[2] In order for a plaintiff to prove a constitutional violation in a failure-to-protect case, a claimant must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison officials acted with "deliberate indifference to his health and safety." Farmer, 511 U.S. at 834; see also Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001); Hamilton, 117 F.3d at 746. Colvin appears to allege such a failure-to-protect claim against defendant Yohn; however, it is unclear that Yohn, an employee of the Lycoming County Adult Probation Office, had a duty to protect Colvin from violence at the hands of other prisoners while he was

---

[2] The basis of Colvin's Eighth Amendment claim is not altogether clear. Colvin does not appear to allege the typical conditions of confinement or excessive force claim. The only allegations in the complaint that conceivably relate to the Eighth Amendment (beyond bald assertions of Eighth Amendment violations) are: (1) that Colvin was verbally abused and assaulted by the named defendants (Doc. 1 ¶ 38), and (2) that defendants had a duty to protect Colvin from an unreasonable risk of injury, knew or should have known Colvin was vulnerable to attacks and abuse and should have taken reasonable care to protect him. (Id. ¶ 39). With respect to the former allegation, verbal abuse and harassment, without more, does not violate the Eighth Amendment. See Mimms v. U.N.I.C.O.R., 386 Fed. App'x. 32, 35 (3d Cir. 2005) (citing McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) and DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000)). With respect to the later, the court has broadly construed the claim as an Eighth Amendment failure-to-protect claim.

incarcerated.  Further, Colvin has failed to allege any set of facts that would support a claim that the defendant acted with "deliberate indifference" to Colvin's health or safety.  Pursuant to Farmer, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  511 U.S. at 837.  Colvin has failed to plead any such knowledge on the part of defendant Yohn, who is neither a prison guard or prison official.  Colvin's Eighth Amendment claim will be dismissed.

Finally, Colvin fails to allege any facts that would support his allegations that Yohn violated his rights under the Pennsylvania Constitution.  Colvin asserts violations of: (1) the section one right to life, liberty, property, and the pursuit of happiness, see PA. CONST. art. I, § 1; (2) the section six right to trial by jury, see id. § 6; (3) the section 8 protection from unreasonable searches and seizures, see id. § 8; (4) the section ten protection against double jeopardy, see id. § 10; (5) the section thirteen protections against excessive bail and cruel and unusual punishment, see id. § 13; and (6) the section fourteen right to bail in non-capital cases and proscription against the suspension of the privilege of the writ of habeas corpus.  See id. § 14.

The Pennsylvania Supreme Court has held that the rights under Article I, § 1 of the Pennsylvania Constitution are "not distinguishable from those of the 14th Amendment."  Pa. Game Comm'n v. Marich, 666 A.2d 253, 255 n.6 (Pa. 1995) (citing R. v. Commonwealth Dept. of Public Welfare, 636 A.2d 142, 152-53 (1994)).  Similarly, the protections afforded in § 13 are coextensive with the Eighth and

Fourteenth Amendment of the United States Constitution. See Commonwealth v. Yaipour, 957 A.2d 734, 743 (Pa. Super. Ct. 2008). The court previously addressed Colvin's Due Process and cruel and unusual punishment claims supra, and found them to be lacking. Further, Colvin fails to put forth a single allegation to support any of the remaining hodgepodge of alleged violations of the Pennsylvania Constitution. As such, the Court will grant defendant Yohn's motion to dismiss Colvin's claims under the Pennsylvania Constitution.[3]

## IV.   Conclusion

For the foregoing reasons, the court will grant defendant Yohn's motion to dismiss. (Doc. 12).[4]

An appropriate order follows.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        April 5, 2011

---

[3] Of note, Pennsylvania courts do not recognized a private right of action for money damages for violations of the Pennsylvania Constitution. See R.H.S. v. Allegheny Cnty. Dept. of Human Servs., 936 A.2d 1218, 1226 (Pa. Commw. Ct. 2007) (stating that 'neither statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution' (quoting Jones v. City of Phila., 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006))). The Pennsylvania Supreme Court has yet to decide the issue, and federal courts in this Circuit conclude no such right exists under the Pennsylvania Constitution. See Ryan v. Gen. Mach. Prods., 277 F. Supp. 2d 585, 595 (E.D. Pa. 2003).

[4] In light of the court's conclusion that all of Colvin's claims against Yohn should be dismissed, the court need not address Yohn's argument that Colvin's request for monetary damages should be dismissed. (Doc. 18, at 12-13).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENTON COLVIN** | : | **CIVIL ACTION NO. 4:10-CV-1820** |
| **Plaintiff,** | : | **(Judge Conner)** |
| v. | : | |
| **CONNIE MIKOLIC, PAUL D. STRAKA, KATHY GRIMM and LUANN YOHN,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 5th day of April, 2011, upon consideration of the motion (Doc. 12) to dismiss, filed by defendant Luann Yohn, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 12) to dismiss is GRANTED without prejudice.

2. Plaintiff is GRANTED leave to file, within twenty (20) days of this order, an amended complaint with respect to the allegations against defendant Luann Yohn.  If no such amended pleading is filed, defendant Luann Yohn will be terminated as a party, and the instant matter will proceed against the remaining defendants.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge