# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENTON COLVIN** | : | CIVIL ACTION NO. 4:10-CV-1820 |
| **Plaintiff,** | : | (Judge Conner) |
| v. | : | |
| **CONNIE MIKOLIC**, **PAUL D. STRAKA**, **KATHY GRIMM** and **LUANN YOHN**, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 16th day of August, 2011, upon consideration of the order of the court (Doc. 36) dated May 19, 2011, wherein the court ordered *pro se* plaintiff Benton Colvin ("Colvin") to file, on or before May 31, 2011, a document showing why he should not be sanctioned for abusive telephone calls purportedly made to defense counsel, and it appearing that Colvin filed a response to the court's order two days late, on June 2, 2011 (Doc. 42), in which Colvin apologized and cited personal reasons for his behavior, and upon further consideration of the motion for involuntary dismissal (Doc. 40) filed by defendants Connie Mikolic, Paul D. Straka, and Kathy Grimm, on June 1, 2011, wherein defendants request that the court dismiss Colvin's complaint pursuant to Federal Rule of Civil Procedure 41(b) as a sanction for failure to timely comply with the court's May 19, 2011 Order (Doc. 36), and the court noting that defendants may move to dismiss any claims against them as a result of plaintiff's failure to prosecute and/or his failure to comply with court orders, see FED. R. CIV. P. 41(b) (stating that a defendant may move to dismiss an

action against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); see also Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008), and the court further noting that, pursuant to Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984) (listing factors to be considered by the district court prior to dismissing a complaint for failure to comply with court orders and rules), Colvin, a *pro se* party, is personally responsible for the failure to respond to the court's order, and it appearing that Colvin has refrained from placing any further calls to defense counsel since the issuance of the May 19, 2011 Order (see Doc. 43, at 1),[1] and the court finding that the receipt of the response from Colvin a mere two days after the court-ordered date for response does not warrant involuntary dismissal of the complaint, and the court concluding that Colvin has substantially

---

[1] Despite admitting that Colvin's offensive behavior has ceased, defendants request that the court disregard Colvin's response (Doc. 42) as untimely, or, in the alternative, reject his response as insufficient to demonstrate that sanctions should not be imposed. (Doc. 43). Defendants argue that involuntary dismissal under Fed. R. Civ. P. 41(b) is appropriate because a monetary sanction would be ineffective in light of Colvin's *in forma pauperis* status. (Id. at 4).

complied with the May 19, 2011 Order and that sanctions are unwarranted,[2] it is

hereby ORDERED that:

1. The court shall accept the response filed by Colvin on June 2, 2011 (Doc. 42) to the court's May 19, 2011, as timely.

2. Colvin has complied with the May 19, 2011 Order and no sanctions shall be imposed.

2. The motion (Doc. 40) for involuntary dismissal as sanction for plaintiff's failure to comply with the court's order of May 19, 2011, filed by defendants Connie Mikolic, Paul D. Straka, and Kathy Grimm is DENIED.

                S/ Christopher C. Conner
                CHRISTOPHER C. CONNER
                United States District Judge

---

[2] Pursuant to Poulis v. State Farm Fire & Casualty Co., the court should consider six factors in determining whether to dismiss a plaintiff's complaint for failure to comply with court orders: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary from the plaintiff's failure to comply with court orders; (3) whether the plaintiff has exhibited a history of dilatoriness; (4) whether the plaintiff's conduct was wilful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the plaintiff's claim. 747 F.2d at 867. In the instant matter, Colvin is responsible for the lateness of his filing, however the two-day delay has not prejudiced defendants. Colvin has provided an explanation for his behavior along with an apology, and, as defendants admit, the offensive conduct has ceased. Dismissal of the complaint is clearly unnecessary to correct Colvin's behavior.