# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENTON COLVIN** | : CIVIL ACTION NO. 4:10-CV-1820 |
| **Plaintiff,** | : (Judge Conner) |
| v. | : |
| **CONNIE MIKOLIC**, *et al.*, | : |
| **Defendants** | : |

## ORDER

AND NOW, this 18th day of October, 2011, upon consideration of the second request (Doc. 53) from plaintiff Benton Colvin, wherein Colvin asks the court to direct counsel for defendant Luann Yohn to provide copies of her motion to dismiss and brief in support to Colvin, and upon further consideration of the correspondence from plaintiff Benton Colvin ("Colvin") (Doc. 56), wherein Colvin states that he is currently in the Lycoming County Prison, 277 West Third Street, Williamsport, Pennsylvania, without access to the legal materials related to this case, and requests an indefinite stay of proceedings until which time he is in a position to continue, and the court finding that it has the inherent power "to control the disposition of the cause on its docket," Landis v. North American Co., 299 U.S. 248, 255 (1936), and the court further finding that a stay is an extraordinary measure, see United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994), and the court must balance competing interests in determining whether a stay is appropriate, Landis, 299 U.S. at 255; Douglas v. Brookville Area Sch. Dist., No. 2:10-cv-1087, 2010 WL 4720852, at *1 (W.D. Pa. Nov. 15, 2010) (listing factors considered by court), and

the court concluding that an indefinite stay is inappropriate, but that given Colvin's incarcerated status a stay of thirty days is warranted, and the court further concluding, for the reasons set forth in the court's September 15, 2011 Order denying Colvin's first request to direct defendant Yohn to provide additional copies of the motion to dismiss and brief in support, that defendant Yohn has complied with the service requirements, it is hereby ORDERED that:

1. The second request (Doc. 53) for court order directing Yohn to provide a copy of her motion to dismiss and supporting brief to Colvin is DENIED.

2. The Clerk of Court is directed to update the address on file with the court for plaintiff Colvin to: Lycoming County Prison, 277 West Third Street, Williamsport, Pennsylvania 17701

3. The correspondence requesting an indefinite stay of proceedings (Doc. 56) is CONSTRUED as a motion to stay and is GRANTED in part, and DENIED in part, as follows:

    a. The motion for indefinite stay is DENIED.

    b. The court shall stay proceedings in the above-captioned matter for thirty (30) days.

4. Plaintiff Colvin shall inform the court of his new address upon release from Lycoming County Prison.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge