IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENTON COLVIN** | : | CIVIL ACTION NO. 4:10-CV-1820 |
| | : | |
| **Plaintiff**, | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **CONNIE MIKOLIC**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 28th day of February, 2012, upon consideration of the motion for sanctions in the form of dismissal (Doc. 71) filed by defendants Connie Mikolic, Paul D. Straka, and Kathy Grimm, wherein defendants move, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) to dismiss *pro se* plaintiff Benton Colvin's complaint against them as a sanction for failing to comply with the court's order of January 10, 2012, directing Colvin to provide responses to defendants' interrogatories within twenty-one (21) days (see Doc. 70), and the court finding that pursuant to Rule 37 the court may impose sanctions upon a party for failure to comply with a discovery order up to and including dismissal of the action in whole or in part, see FED. R. CIV. P. 37(b)(2)(A)(v), and the court noting that dismissal is an extreme sanction,[1] and it appearing that Colvin did not comply with the court's

---

[1] Pursuant to Poulis v. State Farm Fire & Casualty Co., the court should consider six factors in determining whether to dismiss a plaintiff's complaint for failure to comply with court orders: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary from the plaintiff's failure to comply with court orders; (3) whether the plaintiff has exhibited a history of dilatoriness; (4) whether the plaintiff's conduct was wilful or in bad faith; (5) the

order, but rather six days after the twenty-one day period expired Colvin filed a request for an additional fourteen (14) days (Doc. 74), and upon further consideration of the order of the court (Doc. 76) granting Colvin's request (Doc. 74) for a fourteen-day extension to submit responses to the interrogatories, and it appearing that on February 24, 2007, Colvin submitted responses to the interrogatories (see Doc. 77, at 11-18), and the court concluding that Colvin has not displayed such bad faith and callous disregard for his obligations and the court's orders to warrant the sanction of dismissal of his action, it is hereby ORDERED that the motion for sanctions in the form of dismissal (Doc. 71) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the plaintiff's claim.  747 F.2d at 867.  In the instant matter, Colvin is responsible for the lateness of his filing, however after receiving an extension, Colvin complied with the court order.  Although defendants have suffered some prejudice, defendants admit that there is no history of dilatoriness by Colvin.  (See Doc. 72, at 3).  Moreover, there is nothing to indicate that Colvin acted wilfully or in bad faith in not complying with the court's order.  Rather, Colvin sought an additional period of time to comply (admittedly after the deadline had passed), and thereafter provided responses to the interrogatories.  The sanction of dismissal is not warranted at this time.