IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENTON COLVIN,** | : | CIVIL ACTION NO. 4:10-CV-1820 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **CONNIE MIKOLIC**, *et al.*, | : | |
| **Defendants** | : | |

# ORDER

AND NOW, this 9th day of May, 2012, upon consideration of the renewed motion for sanctions (Doc. 86) and the brief in support thereof (Doc. 87) filed by defendants Connie Mikolic, Paul D. Straka, and Kathy Grimm (collectively, "movants") in early April 2012, wherein they request (Doc. 86, ¶ 13) that Colvin's complaint against them be dismissed because of his failure to comply with previous orders of the court—namely, that Colvin has failed to answer the movants' interrogatories in a manner that was to be "free of evasive, impertinent, or profane material" (Doc. 85, at 3 ¶ 3); and the court observing not only that Colvin's answers fail to meet the required standard,[1] but also that Colvin failed to comply with the order (Doc. 85, at 3 ¶ 3) that his answers be signed by him and submitted for docketing separately from any other papers; and the court being aware that Colvin's failure to comply with this court's order of March 22, 2012, is only the latest

---

[1] See, e.g., Doc. 86-1, at 1 ("I hope these answers will stop you from crying cry baby!! And start answering the ones I send you because you will get them back!! So you can answer them completely!!").

in what has become an ongoing pattern of noncompliance;[2] and recognizing that in that same order of March 22, Colvin was not merely threatened with the possibility of sanctions if he failed to comply with that order, but was rather positively and unambiguously informed that sanctions under FED. R. CIV. P. 37(b)(2)(A) would be imposed against him (Doc. 85, at 3 ¶ 4); and concluding, based on the factors outlined in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868, 868–870 (3d Cir. 1984),[3] that, in light of Colvin's personal responsibility for his current and ongoing noncompliance,[4] the prejudice in terms of delay and expense to the movants attendant to Colvin's noncompliance,[5] the inescapable conclusion that his

---

[2] See Doc. 85, at 1–2 (reviewing Colvin's past instances of noncompliance).

[3] A court considering whether to dismiss a plaintiff's complaint for the plaintiff's failure to comply with court orders should consider six factors: (1) the extent to which the plaintiff is personally responsible for the noncompliance; (2) the prejudice to the adverse parties; (3) any history of dilatory behavior by the plaintiff; (4) whether the conduct was willful or in bad faith; (5) whether, after analyzing alternative sanctions, dismissal remains the only apparent effective option; and (6) the merit of the plaintiff's underlying claim. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868, 868–870 (3d Cir. 1984). In denying the prior motion for sanctions (Docs. 71, 78), this court concluded upon consideration of these six factors that dismissal was not warranted at that time. However, as the court noted in its March 22, 2012 order: "[C]ircumstances are changing. The analysis would not look the same were this court once again faced with Colvin's noncompliance." (Doc. 85, at 2 n.2.)

[4] Colvin bears personal responsibility for his failure to comply with orders of this court because he is proceeding pro se.

[5] As the movants note in their brief, the interrogatories to which Colvin has persistently failed to provide good-faith answers "are straightforward questions seeking information concerning the basis for [his] claims against [them]" and the identity of persons with relevant information (Doc. 87, at 4)—basic information necessary for a defendant to prepare a proper defense, which defense counsel has expended time and effort attempting to obtain, to no avail, in the instant case.

2

noncompliance is and has been willful,[6] that dismissal of the action against the movants is the only effective option,[7] and Colvin's claims against the movants appear to lack merit,[8] it is hereby ORDERED that:

1. The renewed motion for sanctions (Doc. 86) filed by defendants Connie Mikolic, Paul D. Straka, and Kathy Grimm is GRANTED.

2. Pursuant to this court's order of March 22, 2012 (Doc. 85), and FED. R. CIV. P. 37(b)(2)(A), the complaint against defendants Mikolic, Straka, and Grimm is DISMISSED.

3. The Clerk of Court is directed to enter JUDGMENT in favor of defendants Mikolic, Straka, and Grimm on all counts.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

---

[6] Colvin's noncompliance has been consistent despite repeated and increasingly strong warnings from the court, and there is no evidence that Colvin is in some way disabled or mentally incapacitated such that his actions should be considered other than willful.

[7] Although dismissal of Colvin's claims is an extreme action, no lesser sanction would be effective. Colvin is effectively judgment-proof because he is proceeding *in forma pauperis*, so an award of attorney's fees would have no practical effect. Prohibiting Colvin from supporting his claims would be substantially the same as dismissing the complaint against the movants while also subjecting the movants to the possibility of further delays and prejudice.

[8] In addition to Colvin's failure to properly answer the movants' interrogatories, which, if properly answered, would tend to lend some credence to the notion that his claims are at least colorable, the movants' allegations in their answer (Doc. 13) would, if established at trial, constitute a complete defense. Cf. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868, 870 (3d Cir. 1984) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982)) (indicating that a plaintiff's claim would have merit if, were it established at trial, support recovery by the plaintiff or constitute a complete defense.)